COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-07-072-CV

 

 

MICHAEL DWYER MCCULLOUGH                                           APPELLANT

 

                                                   V.

 

TEXAS
DEPARTMENT OF CRIMINAL                                        APPELLEES

JUSTICE-ID,
ALAN N. FORNER, 

DANNY
HORTON, DELORES THORTON,

TINA
CARROLL, ALPHONOSO JAMES,

AND DAVID LAMBERT                                                                          

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------

I.  Introduction








Appellant Michael Dwyer
McCullough, an inmate proceeding pro se and in forma pauperis, challenges the
trial court=s order
dismissing with prejudice his lawsuit against Appellees Alan N. Forner, Danny
Horton, Delores Thorton, Tina Carroll, Alphonoso James, and David Lambert.  McCullough raises ten points arguing that the
trial court improperly dismissed his suit with prejudice under chapter 14 of
the Texas Civil Practice and Remedies Code without allowing him to amend his
petition.[2]  Because we hold that McCullough=s failure to file his lawsuit by the statutory deadline could not have
been remedied by amended pleadings, we will affirm.

II.  Factual and Procedural Background








In April 2004, prison
officials ordered McCullough to remove his personal property from his prison
cell so that they could place it in storage while he was in isolation.  After McCullough was released from isolation,
prison officials returned most of McCullough=s personal property to him, but McCullough claims that his wedding
band and his eyeglasses were not returned. 
McCullough continuously inquired of prison officials about the location
of these items and when they would be returned. 


When the prison officials
failed to return McCullough=s wedding band and his eyeglasses, he pursued administrative remedies
by filing grievances on June 2 and June 7, 2004, which were returned to him
unprocessed because the issue had Aalready [been] grieved@;[3]
by a June 18, 2004 grievance that became final on August 6, 2004; and a July
17, 2004[4]
grievance, to which McCullough claims he did not receive a response. 








On January 25, 2005,
McCullough filed suit against AppelleesCcorrections officersCin their individual capacities, contending that they had refused to
return his wedding ring and eyeglasses. 
McCullough alleged that Appellees had caused him Aemotional stress, mental anguish, due process violations, and
deprivation of personal property, and personal injury.@  McCullough attached an
affidavit listing dates of the grievances that he had filed, but he did not
attach copies of the grievances.[5]  McCullough also filed an affidavit listing
previous suits that he had filed and an AApplication to Proceed Informa Pauperis,@ in which he requested to proceed without being required to prepay
fees or costs or to give security.  








Appellees moved to dismiss
McCullough=s lawsuit,
arguing that he had failed to fulfill the procedural requirements of chapter 14
of the Texas Civil Practice and Remedies Code, which applies to lawsuits
brought by inmates in which an affidavit or unsworn declaration of inability to
pay costs is filed by the inmate.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.002(a) (Vernon 2002). 
Appellees asserted that McCullough did not satisfy chapter 14=s requirements (1) because he did not file an affidavit identifying each
of his previous court filings, specifically pointing out that he had failed to
list a suit that he had filed in federal court that was dismissed as frivolous,
and (2) because he did not file an affidavit or unsworn declaration stating the
date that the specific grievance at issueCconcerning the alleged failure to return his wedding band and
eyeglassesCwas filed
and the date that a written decision on this grievance was received by him and
did not provide a copy of the written decision from the administrative
grievance system.  Appellees also argued
that dismissal was warranted because McCullough did not timely file his lawsuit
because he failed to file it by the thirty-first day after he had received the
written decision from the administrative grievance system.  Finally, Appellees argued that McCullough=s claims were frivolous or malicious because intentional torts are
excluded from the Texas Tort Claims Act, depriving an inmate of property is not
a constitutional violation when an adequate post deprivation remedy exists, and
a violation of a TDCJ policy does not by itself give rise to a cause of action
in a court of law. 

The trial court examined and
considered the pleadings and dismissed McCullough=s case with prejudice, finding that his petition was frivolous and did
not comply with the requirements of chapter 14 of the Texas Civil Practice and
Remedies Code.  This appeal followed.[6]

III.  Dismissal
Pursuant to Chapter 14 of the Texas Civil 

Practice and Remedies Code

 

A.     Purpose of Chapter 14








Inmate litigation (except
suits brought under the family code) in which an inmate files an affidavit or
unsworn declaration of inability to pay costs is governed by special procedural
rules set out in chapter 14 of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (Vernon 2002); Bishop v. Lawson, 131 S.W.3d
571, 574 (Tex. App.CFort Worth
2004, pet. denied); Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.CCorpus Christi 2001, pet. denied), cert. denied, 537 U.S. 890
(2002).  Chapter 14 applies Aonly to a suit brought by an inmate in district court, justice of the
peace, or small claims court in which an affidavit or unsworn declaration of
inability to pay costs is filed by the inmate.@  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a); Bishop, 131 S.W.3d at 574.  The legislature enacted this statute to
control the flood of frivolous lawsuits being filed in Texas courts by prison
inmates because these suits consume many valuable judicial resources with little
offsetting benefits.  Bishop, 131
S.W.3d at 574; Knight, 52 S.W.3d 294. 
The purpose of chapter 14 is not to punish inmates for filing claims but
to aid the court in determining whether an inmate=s claim is frivolous.  Thomas
v. Wichita Gen. Hosp., 952 S.W.2d 936, 941 (Tex. App.CFort Worth 1997, pet. denied). 

B.     Dismissal Under Chapter 14








A trial court may dismiss a
suit filed under chapter 14 if it finds that (1) the allegation of poverty in
the affidavit or unsworn declaration is false, (2) the claim is frivolous or
malicious, (3) the inmate filed an affidavit or unsworn declaration required by
this chapter that the inmate knew was false, or (4) the inmate failed to comply
with procedural requirements of chapter 14. 
Tex. Civ. Prac. & Rem. Code
Ann. '' 14.003(a),
14.005(b); Amir-Sharif v. Mason, No. 05-06-01089-CV, 2008 WL 171219, at
*2 (Tex. App.CDallas Jan.
22, 2008, no pet. h.).  A trial court has
broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or
malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b); Knight, 52 S.W.3d at 294.  

Additionally, A[a] court shall dismiss a claim if [(1)] the inmate fails to file the
claim before the 31st day after the date the inmate receives the written
decision from the grievance system,@ Tex. Civ. Prac. & Rem.
Code Ann. ' 14.005(b),
or (2) if the inmate has not received such a written decision and fails to file
the claim by the 180th day after the date the grievance was filed.  See Tex.
Gov=t Code Ann. ' 501.008(d) (Vernon 2004).  A
suit that is not timely filed pursuant to section 14.005(b) may be dismissed
with prejudice.  See Moreland v.
Johnson, 95 S.W.3d 392, 395 (Tex. App.B Houston [1st Dist.] 2002, no pet.).

C.     Procedural Requirements








Chapter 14 requires the
inmate to file an affidavit or unsworn declaration stating the date that the
prison grievance underlying the lawsuit was filed, along with a copy of the
written decision from the administrative grievance system.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(a).  The inmate
must file his lawsuit within thirty-one days after the date he receives the
written decision from TDCJ=s grievance system, or if the inmate has not received such a written
decision, then by the 180th day after the date the grievance was filed.  See id. ' 14.005(a)(1), (b); Tex. Gov=t Code Ann. ' 501.008(d).  Section 14.004
imposes other requirements, including the requirement that the inmate must file
an affidavit describing his previous lawsuits, and this affidavit must be
accompanied by a certified copy of the inmate=s trust account statement.[7]  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004.  Inmates are held to
the same standard as licensed counsel under this statute regarding procedural
requirements because otherwise they would be given an unfair advantage over
those represented by counsel.  See
Stewart v. Tex. Dep=t of Criminal JusticeBInst. Div., No. 14-01-00848-CV, 2002 WL
31008315, at *2 (Tex. App.CHouston [14th Dist.] Sept. 5, 2002, no pet.) (not designated for
publication).

D.     Standard of Review








We review a trial court=s dismissal of an inmate=s claim under chapter 14 under an abuse of discretion standard.  Bishop, 131 S.W.3d at 574.  A court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to guiding rules or
principles.  See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476
U.S. 1159 (1986); Bishop, 131 S.W.3d at 574; Martinez v. Thaler, 931
S.W.2d 45, 46 (Tex. App.CHouston
[14th Dist.] 1996, writ denied).

E.     Dismissal of McCullough=s Claim Was Not an Abuse of Discretion

Because McCullough filed an
application to proceed in forma pauperis, he was required to comply with all of
the procedural requirements of chapter 14. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.002(a)
(providing that this chapter applies to a suit brought by an inmate in a district
court in which an affidavit or unsworn declaration of inability to pay costs is
filed by the inmate).  Although section
14.005(a) requires that a copy of the written decision from the administrative
grievance system be attached to the inmate=s affidavit or unsworn declaration, McCullough did not file a copy of
the July 17, 2004 grievance at issue or the administrative grievance system=s written decision because he said that he did not receive a response
to that particular grievance.  Thus,
McCullough did not comply with the procedural requirements of chapter 14.








The record before us,
however, in the absence of a copy of the administrative grievance system=s decision of the grievance at issue, shows that McCullough did not
meet either the thirty-one-day or the 180-day deadline for filing suit.  See id. ' 14.005(a)(1), (b); Tex.
Gov=t Code Ann. ' 501.008(d).

In McCullough=s pleadings he stated that his initial grievancesCfiled June 2 and June 7, 2004Cwere returned unprocessed because the issue he raised in them had
already been grieved.  McCullough does
not specify when those prior grievances were returned to him.  McCullough also alleges that the grievance he
filed on June 18, 2004, Abecame final@ on August 6, 2004.  But
McCullough does not specify in his pleadings when he received any written
decision from the grievance system concerning the June 18, 2004 grievance, nor
does he argue that he failed to receive the written decision in a timely
manner.  Assuming that McCullough
received the written decision on the June 18, 2004 grievance decision in a
timely mannerCi.e., at any
time prior to December 24, 2004Che filed his petition on January 25, 2005, more than thirty-one days
after he received that grievance decision. 
However, McCullough does not appear to make any of these grievances the
basis of his suit.  Instead, he focuses
on the July 17, 2004 grievance, and he alleges that he did not receive a
written decision concerning this grievance.













Because McCullough did not
receive a written decision from the highest authority provided for in the
administrative grievance system, he was required to file suit within 180 days
of July 17, 2004Cthe date,
according to his pleadings, that his grievance was filed.  However, 180 days from July 17, 2004, is
January 13, 2005, and McCullough=s petition was not filed until January 25, 2005.[8]  Because McCullough waited more than 180 days
to file suit, he did not meet the filing deadline on this grievance
either.  Consequently, the trial court
did not abuse its discretion by finding that McCullough did not timely file
suit[9]
and by dismissing McCullough=s suit under chapter 14 of the Texas Civil Practice and Remedies
Code.  See Williams v. Mooneyham,
No. 02-06-00348-CV, 2008 WL 281525, at *3 (Tex. App.CFort Worth Jan. 31, 2008, no pet. h.) (mem. op. on reh=g) (holding that trial court did not abuse its discretion by
dismissing suit under chapter 14 because appellant filed suit more than 180
days after the date his grievance was filed); Horrice v. Fondren, No.
02-05-00063-CV, 2006 WL 416973, at *2 (Tex. App.CFort Worth Feb. 23, 2006, no pet.) (mem. op.) (holding that because
the record contained no evidence that appellant=s petition was timely received by the proper authority within
thirty-one days of the date of his grievance decision, the trial court did not
abuse its discretion by dismissing his claims with prejudice); Lucas v.
Johnson, No. 02-02-00447-CV, 2003 WL 21983259, at *1 (Tex. App.CFort Worth Aug. 21, 2003, no pet.) (mem. op.) (holding that appellant=s suit was not timely filed under section 14.005(b) and was properly
dismissed by the trial court).  We
therefore overrule McCullough=s first, second, fourth, sixth, eighth, and tenth points.

IV.  Dismissal With Prejudice

In his third and fifth
points, McCullough complains that the trial court erred by dismissing his suit
with prejudice.  Specifically, he argues
that his suit should have been dismissed without prejudice because a remedy
exists to correct the deficiencies in his pleadings. 

A dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been
fully tried and decided.  See Ritchey
v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999).  Thus, orders dismissing cases with prejudice
have full res judicata and collateral estoppel effect, barring subsequent
relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust
Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 630-31 (Tex. 1992).  When reviewing whether the trial court abused
its discretion by dismissing with prejudice, this court should consider whether
the prisoner=s error
could be remedied with more specific pleading; if so, a dismissal with prejudice
is improper.  See Thomas, 52
S.W.3d at 294.








Here, McCullough did not act
until 192 days after filing his grievance. 
Thus, his suit is time barred, and he cannot remedy this late
filing.  See Moreland, 95 S.W.3d
at 395 (AA suit that is not timely filed pursuant to section 14.005(b) is
barred and may be dismissed with prejudice.@); see also Jon v. Tuatagola, No. 06-05-00116-CV, 2006 WL
237519, at *2 (Tex. App.CTexarkana
Feb. 2, 2006, no pet.) (mem. op.) (holding that plaintiff=s failure to comply with chapter 14=s filing deadline presented a time bar that could not be
remedied).  Accordingly, we hold that the
trial court did not abuse its discretion by dismissing McCullough=s time-barred claims with prejudice. 
We overrule McCullough=s third and fifth points.[10]

V.  Conclusion

Having held that the trial
court did not abuse its discretion by dismissing McCullough=s claims with prejudice, we affirm the trial court=s dismissal order.

 

SUE WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED:
March 13, 2008











[1]See Tex. R. App. P. 47.4.





[2]Specifically,
McCullough argues that (1) the trial court erred by dismissing his claim
because he properly filed his grievances and exhausted his administrative
remedies; (2) the trial court erred by dismissing his claim before Appellees
had answered his interrogatories, which would have shown that he had properly
filed his grievances; (3) - (5) the trial court erred by dismissing his claim
with prejudice before allowing him to amend his petition; (6) the trial court
erred by dismissing his claim because he met the six-month deadline; (7) the
trial court erred by dismissing his claim because material issues of genuine
fact existed; (8) the trial court erred by dismissing his claim because he was
denied a jury trial; (9) Appellees incorrectly stated that no relief is
possible because the State can either give him back his property or compensate
him financially for the loss of his property; and (10) the trial court erred by
refusing to reinstate his claim after he presented Areliable
material@ to
oppose the dismissal. 





[3]McCullough
does not explain this notation.  However,
the record reveals numerous AInmate Request To Official@
forms that had been completed by McCullough, complaining about this missing
personal property.  





[4]These
dates were taken from the pleadings filed by McCullough in the trial court.  For the first time on appeal, McCullough
claims that he filed the July 17 grievance on July 19, 2004, and that he filed
the Step II grievance on August 17, 2004. 
This evidence was not before the trial court, so we will not consider it
on appeal.





[5]McCullough
later amended his petition and attached copies of some of the grievances that
he had filed, but he never attached a copy of the July 17, 2004 grievance that
is at issue here.  In his appellate
brief, he states that he has now obtained a copy of that grievance, but it is
still not before us. 





[6]McCullough
has filed a pro se brief in this court. 
We liberally construe his arguments and attempt to address the legal and
factual arguments he makes.





[7]Appellees
agree that McCullough complied with the requirement to provide a certified copy
of his trust account statement. 





[8]We
note that McCullough signed his petition on January 13, 2005.  There is no evidence in the record before us,
and indeed McCullough does not argue, that the mailbox rule applies here. 





[9]The
trial court stated in its finding of fact number 5:  AMcCullough did not comply
with Section 14.005(b),@
which sets forth the deadline for filing suit. 





[10]Because
we have held that the trial court properly dismissed McCullough=s
suit with prejudice based on procedural defects, we need not reach his
remaining points, which all concern the actual merits of the suit.  See Tex.
R. App. P. 47.1.