**Charles W. BISHOP, Appellant**

v.

**Julia LAWSON, Dr. Thomas Stark, Robert Treon, Dr. William Samarneh, Steve Patty, Dr. David Potter, Alvin Easterling, Angela Milbern, and Maye Snider, Appellees.**

No. 2–03–076–CV.

Court of Appeals of Texas, Fort Worth.

March 4, 2004.

Charles W. Bishop, Tennessee Colony, pro se appellant.

Wilson, Shehhey, Knowles, et al., Jennifer Parker Ainsworth, Tyler, Greg Abbott, Attorney General of Texas, Barry McBee, First Assistant Attorney General, Jay Kimbrough, Deputy Attorney General for Criminal Justice, John Neal, Chief, Criminal Law Enforcement Division, Dawn Rogers, Assistant Attorney General, Austin, for appellees.

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Charles W. Bishop, a pro se inmate, appeals from the trial court's order dismissing his case against Appellees pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

### BACKGROUND

Appellant is incarcerated in the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID). On November 1, 2002, Appellant sued nineteen defendants, alleging they were involved in a conspiracy to cause him harm during his incarceration either in the TDCJ–ID or in the Bexar County Detention Center. The petition alleged that Appellant was the subject of a massive conspiracy among the defendants due to their deliberate indifference to his medical needs and failure to give him notice of the status of his hepatitis condition; interference with his mailing privileges; filing a false disciplinary case against him; violating his due process rights during the disciplinary hearing, and upholding the false disciplinary case

against him; and it raised other claims relating to Appellant's condition while in confinement. Appellant requested a declaratory judgment and injunction, and sought compensatory and punitive damages amounting to over $100 million.

Appellees filed motions to dismiss on the basis that Appellant's suit was not in compliance with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code, including the fact that Appellant failed to exhaust administrative remedies within the penal grievance system before initiating this lawsuit.[1] See TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon 2002). After a hearing at which Appellant was present and represented himself, the trial judge severed Appellant's case against Appellees from that of the other defendants. The court then granted Appellees' motions to dismiss, and dismissed with prejudice Appellant's case against all Appellees. Appellant contends the trial court abused its discretion in dismissing the lawsuit.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial court's findings of fact recite that Appellee Snider was an employee at the Diboll Correctional Center in Diboll, Texas at all times relevant to this lawsuit. Appellant's complaint regarding Appellee Snider is that Appellant was retaliated against by another inmate because he complained to Snider that the barbershop was using inadequate disinfectant on barbershop hair clippers.

Appellees Lawson, Samarneh, and Stark are employed with the University of Texas Medical Branch. Appellant alleged that Lawson and Samarneh did not provide him with proper medical treatment. Stark was allegedly involved in a conspiracy by telling Appellant he did not have hepatitis even though Appellant had never been tested for hepatitis.

Appellees Patty, Easterling, Potter, Milbern, and Treon are employed with the TDCJ–ID. Patty, a disciplinary hearing officer, was allegedly involved in a conspiracy by violating Appellant's due process rights. Easterling, a parole officer at the Allred Unit, allegedly filed a false report with the Texas Board of Pardons and Paroles, which resulted in Appellant being denied parole. Potter, an employee of the Texas Tech University Health Science Center, allegedly refused to treat Appellant for his Hodgkins disease. Milbern, a mailroom supervisor in the Allred Unit, allegedly interfered with Appellant's attempts to send and receive his mail. Treon, the warden of the Allred Unit, allegedly acted with malicious intent to cause Appellant serious injury.

The court's conclusions of law state that Appellant's claim against Snider is subject to the grievance system in place at Diboll Correctional Center, and Appellant's claims against the Lawson Appellees are subject to the TDCJ–ID grievance system. The court found that Appellant did not exhaust his administrative remedies, as he did not even file any grievances against any Appellees. The court further determined that Appellant's claims against Appellees have no realistic chance of ultimate success and no arguable basis in law or fact, and Appellant cannot prove facts in support of his claims which are substantially similar to a previous claim filed by Appellant. Lastly, the court found that Appellant's affidavit filed pursuant to section 14.004 was not complete and/or was false.

---

1. Appellees Lawson, Stark, Treon, Samarneh, Patty, Potter, Easterling, and Milbern (the "Lawson Appellees") filed a combined motion to dismiss; Appellee Snider filed a separate motion to dismiss.

The trial court dismissed Appellant's case against Appellees because: Appellant failed to exhaust his administrative remedies; Appellant's affidavit filed pursuant to section 14.004 and attached to his original petition was not complete and/or was false; and Appellant's claims are frivolous or malicious.

## DISCUSSION

Chapter 14 applies to a suit brought by an inmate in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a). Accordingly, when Appellant filed such an affidavit in conjunction with this suit, he was required to comply with all the requirements of chapter 14.

■ We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard. *See Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex.App.-Fort Worth 1997, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). A court abuses its discretion if it acts without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The purpose of sections 14.003 and 14.004 has been stated as follows: "[T]he Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome." *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *see also Hickson*, 926 S.W.2d at 399 (holding chapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts of this state by prison inmates, consuming valuable judicial resources with little offsetting benefit). In this way, a trial court can determine, based on previous filings, if the suit is frivolous because the inmate has already filed a similar claim. *Bell*, 962 S.W.2d at 158.

### Section 14.005

■ An inmate who files a claim that is subject to the grievance system that was developed under section 501.008 of the Texas Government Code must establish that he has exhausted his administrative remedies. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005; TEX. GOV'T CODE ANN. § 501.008 (Vernon 1998). The inmate must file with the court an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by the inmate, and a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a). A court must dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system. *Id.* § 14.005(b).

The trial court determined that Appellant did not exhaust his administrative remedies as required by section 14.005 because Appellant did not file any grievance against Appellees. Attached to Appellant's tenth supplemental petition is his handwritten summary describing the grievances he allegedly filed against Appellees. However, this document does not satisfy the requirements of section 14.005 because it is merely a summary of the purported grievances and does not include a copy of the decisions, if any, of the grievance system. *See id.* § 14.005.

Accordingly, we hold that the trial court did not abuse its discretion in dismissing Appellant's suit for the reason that Appellant had not exhausted his administrative

remedies. *See Birdo v. Schwartzer,* 883 S.W.2d 386, 388 (Tex.App.-Waco 1994, no writ).

### Sections 14.003 and 14.004

■ The trial court may dismiss a claim if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003. In determining whether the claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* In making its determination under section 14.003, the court may also take into consideration the requirements imposed by section 14.004. *Id.* § 14.004; *Thomas,* 952 S.W.2d at 939; *see Bell,* 962 S.W.2d at 158 (affirming dismissal of suit as frivolous when affidavit of previous filings failed to comply with requirements of chapter 14). Section 14.004 requires Appellant to file an affidavit:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.004.

In his affidavit of previous filings, Appellant listed twenty-one suits he has filed between 1999 and 2002 in state and federal courts. In twelve of these recitations, Appellant failed to list all the parties that he had sued; he simply listed the first defendant and "et al." In addition, Appellant failed to list the operative facts of the lawsuit for one of the suits.

In its findings of fact, the court found that Appellant first filed the instant suit in the United States District Court for the Eastern District of Texas and it was dismissed due to Appellant's history of filing frivolous and malicious cases. *Bishop v. Sparks,* Civil Action No. 1:02cv622 (E.D.Tex. Sept. 27, 2002) (mem. op.). This opinion is included in the record before us. In the federal lawsuit, Appellant sued forty-six defendants and sought to proceed *in forma pauperis. Id.* The federal court determined that "at least three of plaintiff's prior lawsuits or appeals have been dismissed as frivolous[,]" naming in fact four specific federal lawsuits, and that "[a]s a result, plaintiff is barred from bringing this action *in forma pauperis.*" *Id.* Three of the named lawsuits were listed by Appellant in his affidavit of previous filings in the instant case, but Appellant simply listed the disposition as "dismissed," rather than listing the correct dispositions ("dismissed as frivolous and malicious").

Appellees contend that Appellant's claims are frivolous and malicious because they are brought as part of a continuing

**576**

pattern of frivolous suits. The record also contains an opinion from the United States District Court for the Western District of Texas, in which the court recited Appellant's extensive litigation history, dismissed his claims as frivolous, and ordered him "barred for life" from filing any lawsuit in that court or from filing any lawsuit in any other court that is removable or transferable to that court, without first obtaining written permission from an active duty district judge of that court or of the Fifth Circuit. *Bishop v. Lopez,* Civil No. SA–01–CA–1094–OG (W.D.Tex. Jan. 31, 2002) (mem. op.).

After reviewing the record and considering all the documents that were before the trial court, we hold the court did not abuse its discretion in dismissing Appellant's suit under sections 14.003 and 14.004.[2]

CONCLUSION

We affirm the judgment of the trial court.

2. Because we have determined the trial court did not abuse its discretion in dismissing Ap-

pellant's suit, we need not address Appellant's remaining issues. *See* TEX.R.APP. P. 47.1.