COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-153-CV

 

 

CHARLES W. BISHOP II                                                        APPELLANT

 

                                                   V.

 

WARDEN ROBERT WHITE,                                                     APPELLEES

MAJOR
JIMMY BINGHAM, SGT.

KEITH
FRANKLIN, INDALECIO

RAMOS,
VIRGIL JORDAN, BOBBY

BULLOCH,
CHARLES SMITH, DR.

MICHAEL
ZEITLEN, DR. EDWARDS,

WARDEN
EARL FOX, MS. PERRIT,

LT.
TONYA ANTHONY, BARRY

STARNES,
OFFICER KIMBERLY

LEWIS,
MS. ALEXANDER,

SENSTAR
STELLAR SECURITY

FENCE
MANUFACTURER,

DORSEY
R. TRAPP, JAMES

PARKER,
UNIVERSITY HEALTH

SYSTEM,
ASSISTANT WARDEN

JOE
SHIRLEY, CAPT. JENNINGS,

LT.
MICHAEL CRENSHAW,

OFFICER
VICKEY FERGASON,

LANCE
TROTTER, MS. LEE ANN

SPEARS,
HELEN GASS, DEBORAH

FORD,
LT. GREGORY MOORE,

WARDEN
MOORE, WARDEN

WESTFALL,
SANDY HARRIS,

MAJOR
DELVIN MOONYHAM,

WARDEN
M. SIZEMORE, AND TONY GREEN








                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Charles W. Bishop
II, a pro se inmate, appeals from the trial court=s order granting partial summary judgment to seven Appellees and
dismissing Appellant=s case
against the remaining twenty-seven Appellees pursuant to chapter 14 of the
Texas Civil Practice and Remedies Code.[2]  We affirm.

                                          Background








Appellant is incarcerated in
the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID).  On November 1, 2002, Appellant sued nineteen
defendants, alleging they were involved in a conspiracy to cause him harm
during his incarceration either in the TDCJ-ID or in the Bexar County Detention
Center.  The petition alleged that Appellant
was the subject of a massive conspiracy among the defendants due to their
deliberate indifference to his medical needs and failure to give him notice of
the status of his hepatitis condition; interference with his mailing
privileges; filing a false disciplinary case against him; violating his due
process rights during the disciplinary hearing; and upholding the false
disciplinary case against him.  The
petition also raised other claims relating to Appellant=s condition while
in confinement.  Appellant requested a
declaratory judgment and injunction, and sought compensatory and punitive
damages in the amount of $134,000,000. 
Appellant subsequently filed eighteen amended or supplemental petitions,
culminating in Appellant=s bringing suit against the thirty-four
Appellees in the instant case and nine additional defendants.[3]









                              Partial
Summary Judgment 

On August 11, 2003, three
Appellees (White, Bingham, and Franklin) filed a motion for summary judgment
alleging two grounds:  1) because the
case against these Appellees involves a prison disciplinary action, it is not
reviewable by state courts and is properly brought by federal habeas corpus
petition to federal court after exhaustion of the TDCJ-ID grievance procedure;
and 2) these Appellees presented some evidence sufficient to support Appellant=s guilt at the prison disciplinary hearing, and the decision of the
hearing officer should not be disturbed.

On November 17, 2003, four
other Appellees (Ramos, Jordan, Bulloch, and Smith) filed a motion for summary
judgment alleging four grounds:  1)
Appellant=s suit is
barred by limitations; 2) Appellant failed to provide notice pursuant to the
Texas Tort Claims Act; 3) Appellant has not stated a cause of action; and 4)
Appellant=s claim is
barred by sovereign immunity. 








On February 9, 2004, the
trial court granted the motions for summary 
judgment filed by these seven Appellees and dismissed Appellant=s claims against them with prejudice. 
The trial court=s order does
not recite the specific grounds upon which summary judgment was granted.

On May 19, 2004, the trial
court dismissed with prejudice Appellant=s claims against the other twenty-seven Appellees.[4]  The February 9, 2004 partial summary judgment
became appealable when the trial court signed the May 19, 2004 dismissal order,
and Appellant timely filed his notice of appeal complaining of the partial
summary judgment.  Appellant also timely
filed another notice of appeal complaining of the court=s May 19, 2004 dismissal order.








When a trial court=s summary judgment rests upon more than one independent ground or
defense, the aggrieved party must assign error to each ground, or the judgment
will be affirmed on the ground to which no complaint is made.  Tarrant County Hosp. Dist. v. GE
Automation Servs., Inc., 156 S.W.3d 885, 891 (Tex. App.CFort Worth 2005, no pet.); Davis v. Conveyor-Matic Inc., 139
S.W.2d 423, 428 (Tex. App.CFort Worth 2004, no pet.).  In
his appellate brief, Appellant does not complain of the granting of the partial
summary judgment and does not assign error to any of the grounds alleged by the
seven Appellees who filed the two motions for summary judgment.  Accordingly, the partial summary judgment
dated February 9, 2004 is affirmed. 

   Dismissal In Favor Of The Remaining
Twenty-seven Appellees

 

Chapter 14 applies to a suit brought by an inmate in which
an affidavit or unsworn declaration of inability to pay costs is filed by the
inmate.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a).  Accordingly, when Appellant filed such an
affidavit in conjunction with this suit, he was required to comply with all the
requirements of chapter 14.  We review a
trial court's dismissal of an inmate's claim under chapter 14 under an abuse of
discretion standard.  See Thomas v.
Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.CFort Worth 1997,
pet. denied); Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.CWaco 1996, no
writ).  A court abuses its discretion if
it acts without reference to guiding rules or principles.  See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).








The trial court=s May 19, 2004 judgment and July 29, 2004 corrected judgment recite
that the dismissal was on the court=s own motion pursuant to the provisions of section 14.003.  The final judgment dismissed Appellant=s claims with prejudice in favor of the remaining twenty-seven
Appellees, finding that Appellant=s claims against these Appellees are frivolous and malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(2).  In making this
ruling, the court determined that each claim against each Appellee has, at
best, only a slight chance of ultimate success, that no claim raised in this
cause of action has any arguable basis in law, and that Appellant cannot prove
many of the facts necessary to support his various claims.  See id. ' 14.003(b)(1)-(3).  The trial
court entered findings of fact and conclusions of law that recite the same
language. 

The trial court may dismiss a claim if the court finds that
the claim is frivolous or malicious.  Id.
' 14.003.  In determining whether the claim is frivolous
or malicious, the court may consider whether:

(1)     the
claim=s realistic chance of ultimate
success is slight;

 

(2)     the
claim has no arguable basis in law or in fact;

 

(3)     it
is clear that the party cannot prove facts in support of the          claim; or

 

(4)     the
claim is substantially similar to a previous claim filed by           the inmate because the claim arises
from the same operative        facts.

 

Id. ' 14.003(b). 








In making its determination under section 14.003, the court
may also take into consideration the requirements imposed by section
14.004.  Id. ' 14.004; Thomas,
952 S.W.2d at 939; see Bell v. Tex. Dep=t of Criminal
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied) (affirming dismissal of suit as frivolous when
affidavit of previous filings failed to comply with requirements of chapter
14);  see also Hickson, 926 S.W.2d
at 399 (holding chapter 14 was designed to control the flood of frivolous
lawsuits being filed in the courts of this state by prison inmates, consuming
valuable judicial resources with little offsetting benefit).  In this way, a trial court can determine,
based on previous filings, if the suit is frivolous because the inmate has
already filed a similar claim.  Bell,
962 S.W.2d at 158. 

Section 14.004 required Appellant to file an affidavit: 

(1)     identifying each suit, other than a suit
under the Family Code, previously brought by the person and in which the person
was not represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought; and 

 

(2)     describing
each suit that was previously brought by:

(A)     stating the operative facts for which
relief was sought;

(B)     listing the case name, cause number, and
the court in which the suit was brought;

(C)     identifying each party named in the suit;
and 

(D)
    stating the result of the suit,
including whether the suit was dismissed as frivolous or malicious under
Section 13.001 or Section 14.003 or otherwise.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 14.004. 








The Texas Attorney General
has filed an appellate brief on behalf of Appellee Deborah Ford, and has filed
an identical amicus curiae brief that appears to be filed on behalf of
the remaining twenty-six Appellees.  In
its briefs, the Attorney General asserts that we should affirm the trial court=s judgment for numerous reasons: 
Appellant=s affidavit
of previous filings is defective;[5]
Appellant has not filed a certified copy of his trust fund account;[6]
Appellant has failed to exhaust his administrative grievances and has failed to
attach a copy of the administrative grievance in the case at bar;[7]
and Appellant=s claims are
frivolous or malicious because they are substantially similar to nine previous
claims filed by Appellant.[8]


The purpose of sections 14.003 and 14.004 has been stated
as follows:  A[T]he Texas
Legislature recognized the problem of constant, often duplicative, inmate
litigation in this state, and sought to reduce it by requiring the inmate to
notify the trial court of previous litigation and the outcome.@  Bell, 962 S.W.2d at 158.








Trial courts are given broad discretion in determining
whether a case should be dismissed under chapter 14 because:  1) prisoners have a strong incentive to
litigate; 2) the government bears the cost of an in forma pauperis suit;
3) sanctions are not effective; and 4) the dismissal of unmeritorious claims
accrues to the benefit of state officials, courts, and meritorious
claimants.  Retzlaff v. Tex. Dept. of
Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied); Montana v. Patterson, 894 S.W.2d 812, 814‑15
(Tex. App.CTyler 1994, no writ).[9]









We initially note that
neither of the two briefs filed by the Texas Attorney General contain any
record references to the documents in the clerk=s record that the briefs discuss; the clerk=s record on appeal consists of eleven volumes, totaling 2252
pages.  Nonetheless, as is our
responsibility, we have independently reviewed the record to determine whether
the trial court abused its discretion in dismissing Appellant=s claims against the remaining twenty-seven Appellees.

In his affidavit of previous
filings, Appellant listed twenty-one suits he has filed between 1999 and 2002
in state and federal courts.  In twelve
of these recitations, Appellant failed to list all the parties that he had
sued; he simply listed the first defendant and Aet al.@  Without properly identifying all the
parties to the lawsuits that Appellant had previously filed, his affidavit is
insufficient to meet the requirements of section 14.004.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004(a)(2)(C); Bell,
962 S.W.2d at 158.  Accordingly, we hold
the trial court did not abuse its discretion in dismissing Appellant's suit
against the remaining twenty-seven Appellees as frivolous under section 14.003
because Appellant=s affidavit relating to previous filings
was inadequate.[10]


 

 

 

 

 








                                                   Conclusion

We affirm the judgment of the trial court.[11]

PER CURIAM

PANEL A: 
HOLMAN, LIVINGSTON, and 
DAUPHINOT, JJ.

DELIVERED: 
November 23, 2005











[1]See Tex. R. App. P. 47.4.





[2]Tex. Civ. Prac. & Rem. Code Ann. ch.
14 (Vernon 2002).





[3]The trial judge severed Appellant=s case against these thirty-four
Appellees from his case against the nine additional defendants.  The latter case was dismissed pursuant to
chapter 14 of the Texas Civil Practice and Remedies Code, and the trial court=s judgment was affirmed on
appeal.  See Bishop v. Lawson, 131
S.W.3d 571 (Tex. App.CFort Worth 2004, pet. denied).

 

As mentioned in our
prior opinion, Appellant first filed the instant suit in the United States
District Court for the Eastern District of Texas, and it was dismissed due to
Appellant=s history of filing frivolous and
malicious cases.  Id.  at 575; Bishop v. Sparks, Civil Action
No. 1:02cv622 (E.D. Tex. Sept. 27, 2002) (mem. op.).  In the federal lawsuit, Appellant sued
forty-six defendants and sought to proceed in forma pauperis; the federal
court determined that Aat least three of plaintiff=s prior lawsuits or appeals have
been dismissed as frivolous@ naming four specific federal lawsuits, and that A[a]s a result, plaintiff is barred
from bringing this action in forma pauperis.@ 
Bishop, 131 S.W.3d at 575. 
Additionally, we noted in our prior opinion that the United States
District Court for the Western District of Texas issued an opinion that recited
Appellant=s extensive litigation history,
dismissed his claims as frivolous, and ordered him Abarred for life@ from filing any lawsuit in that
court or from filing any lawsuit in any other court that is removable or
transferable to that court, without first obtaining written permission from an
active duty district judge of that court or of the Fifth Circuit.  Bishop v. Lopez, Civil No.
SA-01-CA-1094-OG (W.D. Tex. Jan. 31, 2002) (mem. op.); Bishop, 131
S.W.3d at 576. 





[4]Because
the May 19, 2004 dismissal order did not list the names of the specific
Appellees in favor of whom judgment was granted, we abated the appeal and
remanded the case to the trial court for entry of a corrected judgment.  On July 15, 2004, the trial court signed a
corrected judgment that listed the names of these twenty-seven Appellees. 





[5]See
id. '
14.004.





[6]See id. ' 14.006(f).





[7]See
id. '
14.005.





[8]See
id. ''
14.003(b)(4), 14.004(b).





[9]Montana
relied upon Green v. McKaskle, 788 F.2d 1116, 1119-20 (5th Cir.
1986), which stated AUnlike
most litigants, prisoners have everything to gain and nothing to lose by filing
frivolous suits.  Filing a suit in forma
pauperis costs a prisoner little or nothing; time is usually of little
importance to a prisoner and prisoners are not often deterred by the threat of
possible sanctions for malicious or frivolous actions or perjury. . . .Thus,
the temptation to file frivolous or malicious suits is strong, and these suits
clutter up the federal courts, wasting scarce and valuable judicial resources,
subjecting prison officials unnecessarily to the burdens of litigation and
preventing prisoner suits with merit from receiving adequate attention.@

 





[10]Because
we have determined the trial court did not abuse its discretion in dismissing
Appellant=s
suit, we need not address Appellant=s remaining issues.  See Tex.
R. App. P. 47.1. 





[11]We
overrule three pending motions filed by Appellant:  1) AAppellant=s
Motion Challenging The Finding That He Sent A Request To The Senstar Stellar
Security Fence Manufacture, Asking That They Send Him Their Security Fence
Plans After His Arrival At The Cleveland Unit, Appellant Challenges Both The
Factual and Legal Sufficiency of This Finding By A =No
Evidence= and
An >Insufficient
Evidence= Point@; 2) AAdvisory
to the Court@; and
3) AAppellant=s
Motion for Sanctions Against Appellee Dorsey Ray Trapp District Clerk Wichita
County.@