Opinion filed August 18,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00009-CV

                                                    __________

 

                              KELLEY
A. McFARLAND, Appellant

 

                                                             V.

 

                            WARDEN
GROUNDS ET AL., Appellees



 

                                   On
Appeal from the 52nd District Court

 

                                                           Coryell
County, Texas

 

                                              Trial Court
Cause No. COT-08-38655

 



 

M
E M O R A N D U M    O P I N I O N

            This
is an appeal from an order dismissing an inmate’s pro se civil action.  We
affirm.

Background
Facts

            Kelley
A. McFarland is an inmate confined in the Institutional Division of the Texas
Department of Criminal Justice.  He filed suit against “Warden Grounds,”
“Officer T. Johnson,” “Officer Schook,” and “Officer Moreno” alleging
“excessive use of force and an assault and battery” as a result of a physical
altercation occurring at the Alfred Hughes Unit in Gatesville.  On behalf of
the defendants, the Texas Attorney General’s Office filed a motion to dismiss
the action under Chapter 14 of the Texas Civil Practices and Remedies Code.  Specifically,
defendants asserted that appellant did not timely file suit within thirty-one
days after receiving a written decision from the administrative grievance
system as required by Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(b) (Vernon 2002).  In this regard,
appellant’s “Step 2 Grievance” was decided on October 28, 2008.  However, the
underlying suit was not filed until December 17, 2008.

            Appellant
filed a written response to the motion to dismiss.  He stated in the response
that he made four attempts to file his petition with the first attempt being
mailed on or about November 17, 2008.  Appellant stated that the initial
attempt was returned because he did not send the required “grievance” with it. 
He additionally alleged that he mailed his petition a second time on or about
November 21, 2008, but that “the [trial] court sent the complaint back with the
required documents.”  Appellant asserted that he mailed the third attempt on
December 5, 2008, and that the trial court sent it back to him again.  He
asserted that he mailed his fourth attempt on December 8, 2008, and that it was
accepted for filing on December 17, 2008.

The
trial court conducted a hearing on the motion to dismiss.  Appellant
participated in the hearing by telephone.  After the hearing concluded, the
trial court entered an order of dismissal finding that appellant had failed to
comply with Section 14.005.  The trial court additionally determined that
appellant’s claims have no arguable basis in law or fact.

Analysis

Chapter 14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by
an inmate in a district court, county court, justice of
the peace court, or small claims court where the inmate files an affidavit or
unsworn declaration of an inability to pay costs.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.002(a) (Vernon 2002).  The legislature enacted Chapter 14 to control the
flood of frivolous lawsuits being filed in Texas courts by prison inmates
because these suits consume many valuable judicial resources with little
offsetting benefits.  Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort
Worth 2004, pet. denied); Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.—Corpus
Christi 2001, pet. denied). Chapter 14 sets forth procedural requirements an
inmate must satisfy as a prerequisite to filing suit. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, 14.004-.006
(Vernon 2002); see also Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.—San
Antonio 2002, pet. denied). Even if an inmate satisfies the necessary filing
requirements, however, the trial court may dismiss an inmate’s claim if it
finds the claim to be frivolous or malicious. Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002); Comeaux v.
Tex. Dep’t of Criminal Justice, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied).  A claim is frivolous or malicious if it has no
basis in law or fact or if its realistic chance of ultimate success is slight. 
Section 14.003(b)(1)-(2).

We generally review a trial court’s dismissal of an inmate’s suit under Chapter 14 for
abuse of discretion.  See Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.—Waco
2008, no pet.); Bishop, 131 S.W.3d at 574; Thompson v. Tex. Dep’t of
Criminal Justice-Inst. Div., 33 S.W.3d 412, 414 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied).  A trial court abuses its discretion if it acts in
an arbitrary or unreasonable manner without reference to guiding rules or
principles. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). When
reviewing matters committed to the trial court’s discretion, we may not
substitute our own judgment for that of the trial court.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).  

Section 14.005(b) provides that “[a] court shall dismiss a claim if the
inmate fails to file the claim before the 31st day after the date the inmate
receives the written decision from the grievance system.”  A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with
prejudice.  Moreland v. Johnson, 95 S.W.3d 392, 395 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  Appellant offered the following argument at the
hearing:  

            Your
Honor, I did try to comply to the best of my ability.  I was in solitary at the
time when I filed, and I filed my first -- the original complaint on November
17th, ’08.  It was sent back with Chapter 14 to comply.  At that
time, I did not send the grievance.  Again, I filed the whole complaint with
the required documents on 11/21/08.  It was sent back with the same Chapter 14
stating I did not file the required documents.  Again, I sent it again on
12/5/08.  The Court sent it back again.  Now I mailed it again with the three
-- three remaining documents on 12/10/08, and it was finally on the fourth time
sent back dated and stamped and received 12/17/08.  At that time, when I first
filed it, I was in solitary.  And then I came out to -- TDC went on one of
their annual lockdowns.  I had problems, but I did comply to the best of my
ability as far as the 31 days go as far as filing this thing.

 

We acknowledge the holding in Warner v. Glass, 135 S.W.3d 681, 682
(Tex. 2004), that a pro se inmate’s civil petition that is placed in a properly
addressed and stamped envelope is deemed filed at the time the prison
authorities receive the document for mailing.  This holding is of no benefit to
appellant, however, because his fourth petition was mailed more than thirty-one
days after he received the written decision from the grievance system.  

Appellant is essentially seeking to relate the filing date of his
petition back to dates when he mailed petitions that he admits did not comply
with the statutory prerequisites for filing a proceeding under Chapter 14.  He has
not cited any authority that supports this proposition.  In the absence of
conflicting authority, we conclude that the trial court did not abuse its
discretion in determining that appellant did not file his petition within
thirty-one days after he received the written decision from the grievance
system.  Compliance with the procedural requirements of Chapter 14 is mandatory
for an inmate attempting to proceed without paying costs.  In this regard, the
trial court is authorized to dismiss a claim under Chapter 14 for noncompliance
before service of process has even occurred.  Section 14.003.  Furthermore, the
appellate record does not contain any of appellant’s previous filings or correspondence
from the district clerk or the trial court pertaining to his previous filings. Thus,
the record does not support a determination that the trial court abused its
discretion.  

Appellant’s issues on appeal are overruled.  We do not need to address
the trial court’s determination that appellant’s claims have no arguable basis
in law or fact in light of our ruling that the trial court did not abuse its
discretion in dismissing his claims under Section 14.005(b) for being untimely
filed.  

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

August 18, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.