

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00254-CV

RICHARD TERRANCE AYERS                                          APPELLANT

V.

JENNIFER SMITH, MICHAEL HILL,                                   APPELLEES
GLEN WHITFIELD, DELORES
THORNTON, SCOTTY
CRAIGHEAD, TOMMY NORWOOD,
AND NATHANIEL QUARTERMAN

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Richard Terrance Ayers, an inmate at the Beto Unit of the Texas

Department of Criminal Justice (TDCJ), appeals the trial court's dismissal of his

suit with prejudice.  He contends in twelve issues that the trial court erred by (1)

---

[1]See Tex. R. App. P. 47.4.

dismissing his suit as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code, (2) denying his motion for new trial, and (3) denying his motion to amend his petition. We reverse and remand.

## II. Factual Background

This appeal follows Ayers's suit against several TDCJ employees (collectively, TDCJ) in which Ayers alleges that the employees have improperly confiscated as contraband correspondence (both by and to him) that was written on colored paper. Johnson also complains that he has been denied the receipt of various publications under false pretenses and without legitimate penological reasons. TDCJ filed motions to dismiss Ayers's lawsuit as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code, contending that Ayers failed to exhaust his administrative remedies and that his claims are frivolous because TDCJ has legitimate penological objectives, such as maintaining institutional order and security, for denying inmates certain items. The trial court granted Appellees' motions to dismiss without conducting a hearing and dismissed Ayers's lawsuit with prejudice. Appellant moved for a new trial, and his motion was overruled by operation of law.

## III. Standard of Review

Chapter 14 applies to this case and sets forth the procedural requirements an inmate must satisfy when filing suit in a district court along with an unsworn declaration of indigency. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, .004 (West Supp. 2012), §§14.005–.006 (West 2002); *see also Lilly v. Northrep*, 100

2

S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).  A trial court may dismiss an inmate's claim pursuant to Chapter 14 upon finding that a lawsuit is malicious or frivolous.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).

In making this determination, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

We review a dismissal under Chapter 14 for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).  "In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief."  *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g).  "A claim has no arguable basis in law if it is an indisputably meritless legal theory."  *Id.*  A claim also has no arguable basis in law if the inmate has failed to exhaust his administrative remedies.  *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

3

When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Leachman*, 261 S.W.3d at 304.

### IV. Analysis

In twelve issues, Ayers challenges each ground upon which the trial court granted Appellees' motions to dismiss and argues that the trial court erred by denying his motions for new trial and to amend his petition.

### A. Failure to Exhaust Administrative Remedies

In his second through sixth issues, Ayers asserts that the trial court abused its discretion by dismissing his lawsuit for failure to exhaust administrative remedies. He argues in his seventh issue that the trial court abused its discretion by concluding that the grievance system provides the exclusive administrative remedy for complaints concerning seizures from inmates or the denial of correspondence.

If it applies, section 14.005(a) requires an inmate to prove compliance with grievance procedures before seeking judicial review. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a); *see* Tex. Gov't Code Ann. § 501.008(d) (West 2012); *Smith v. Tex. Dep't of Crim. Justice–Inst'l Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied). Section 14.005(a) states that it applies to claims that are "subject to the grievance system established under Section 501.008" of the Texas Government Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a).

4

Government code section 501.008(d) prevents an inmate from filing a claim in state court "regarding operative facts for which the grievance system provides the exclusive administrative remedy until" the inmate receives a decision from the highest authority within the grievance system or the 180th day after the grievance is filed if the inmate has not received a response from the highest authority within the grievance system. Tex. Gov't Code Ann. § 501.008(d).

TDCJ argues that Ayers failed to exhaust his administrative remedies through the prison grievance system because he did not file Step 2 grievances after his Step 1 grievances were returned to him unprocessed. However, this court held just last year that the plain language of "section 14.005 does not apply to claims that are not grievable." *Milton v. Quarterman*, No. 02-10-00212-CV, 2011 WL 754352, at *2 (Tex. App.—Fort Worth Mar. 3, 2011, pet. dism'd w.o.j.) (mem. op.) (addressing rejection of publications). In a second case, we held that "[c]laims involving the denial of inmate mail are not grievable because a separate administrative appeal mechanism exists for those claims via [TDCJ] Board Policy 3.91." *Milton v. Quarterman*, No. 02-10-00103-CV, 2011 WL 1532389, at *1 (Tex. App.—Fort Worth Apr. 21, 2011, pet. denied) (per curiam) (mem. op. on reh'g) (addressing denial of mail); *see also Leachman*, 261 S.W.3d at 304 (noting that inmate's attempted grievance of DRC committee decision to deny mail to inmate was returned to the inmate with the statement that "[t]he issue presented is not grievable."). Therefore, Ayers's failure to pursue Step 2 grievances is not a

5

proper ground to dismiss Ayers's lawsuit, and we sustain Ayers's second through seventh issues.[2]

## B. Frivolousness Determination

Ayers argues in his first issue that the trial court abused its discretion by dismissing his lawsuit with prejudice pursuant to civil practice and remedies code section 14.003(b)(1), which provides that "[i]n determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1). The supreme court has questioned whether a suit may be properly dismissed solely for having a slight chance of ultimate success. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990) (per curiam); *see also Brewer v. Simental*, 268 S.W.3d 763, 769–70 (Tex. App.—Waco 2008, pet. denied); *Bohannan v. Tex. Bd. of Crim. Justice*, 942 S.W.2d 113, 115 (Tex. App.—Austin 1997, writ denied) (per curiam). "Practically speaking, the trial court is limited to the issue [of] whether the claim has an arguable basis in fact or law." *Bohannan*, 942 S.W.2d at 115. However, because we must affirm the dismissal of Ayers's suit if it was proper under any legal theory, *see Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (citing

---

[2]In each *Milton* case, we addressed Milton's compliance with the separate administrative appeal mechanism, TDCJ Board Policy 3.91, and held that Milton exhausted his administrative remedies for some of his claims but not others. *Milton*, 2011 WL 1532389, at *1–3; *Milton*, 2011 WL 754352, at *2–3. TDCJ did not argue to the trial court and has not argued on appeal that Ayers failed to comply with Board Policy 3.91. We thus do not address it.

*Johnson*, 796 S.W.2d at 706–07), we will review the trial court's dismissal as if it had determined that Ayers's suit had no arguable basis in law.[3]  *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2); *Brewer*, 268 S.W.3d at 770.

Ayers asserts in his petition that prison officials have denied him a long list of publications and have confiscated correspondence on colored stationery, and he alleges that the denials and confiscations violate his constitutional rights because they occurred for pretextual reasons and without legitimate penological bases.  TDCJ cites the United States Supreme Court's opinion in *Turner v. Safely*, which states that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987).  TDCJ then attempts to explain why legitimate penological interests support its denial of publications and confiscation of correspondence on colored paper.  TDCJ asserts that it may confiscate or refuse to deliver correspondence on colored stationery because colored stationery can be used as a type of prison currency and that the concern about prison currency is a legitimate penological interest. TDCJ also globally asserts that the publications were justifiably denied for legitimate penological reasons because the publications "include depictions of indecency with a child, rape, an image of a nude child, and instructions in

---

[3]We do not consider whether Ayers's suit had no basis in fact because the trial court did not conduct an evidentiary hearing before granting TDCJ's motions to dismiss.  *See Leachman*, 261 S.W.3d at 304.

unarmed combat."[4] But TDCJ does not address all publications listed in Ayers's petition, nor did it present any evidence to the trial court from which the trial court could have determined that legitimate penological interests support its denials and confiscations.

Instead, TDCJ attempts to convert Ayers's claims into a general First Amendment challenge to the TDCJ policies themselves rather than fact-based challenges to the confiscation or denial of particular items. But the specific, allegedly pretextual reason for each confiscation or denial is the thrust of Ayers's claims. For example, he alleges that TDCJ denies him several books "because they mention a rape" but that the stated bases for the denials are pretextual since TDCJ allows inmates to read newspapers and to watch television programs that mention rape. Thus, Ayers challenges the specific decisions under TDCJ's policy, not TDCJ's policy as a whole. Indeed, he acknowledges that TDCJ can deny inmates certain items for legitimate penological interests but argues that TDCJ's actions with regard to each individual denial or confiscation constitute violations of his constitutional rights.

TDCJ may very well have legitimate penological interests to deny Ayers and other inmates colored stationery and certain publications. But TDCJ did not present evidence of any kind to support the motions to dismiss, and the trial court

---

[4]According to Ayers's petition, the list of denied publications includes, but is not limited to, Oprah magazine, Biblical Archeological Review, The Rolling Stone, Men's Fitness magazine, and fictional novels by Dean Koontz and John Grisham.

did not conduct a hearing on the motions. Ayers's pleadings—which we must take as true in deciding whether his claims have an arguable basis in law—seek a declaration that TDCJ's denials and confiscations are pretextual and constitute violations of his First and Fourteenth Amendment rights, and the trial court stated in its order granting TDCJ's motions to dismiss that the defendants did not violate Ayers's First and Fourteenth Amendment rights. But based on Ayers's petition and TDCJ's motions to dismiss, the trial court's conclusion could not be made without a supporting evidentiary basis. *See generally Leachman*, 261 S.W.3d at 304 ("When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law."). In short, Ayers's original petition alleged sufficient facts to prevent a determination that his claims have no arguable basis in law, and the trial court therefore abused its discretion by granting Appellees' motions to dismiss on that basis.

TDCJ also argues that Ayers's due process claims have no arguable basis in law because depriving an inmate of property (such as denying publications and confiscating colored stationery) is not a constitutional violation without an adequate post-deprivation remedy. TDCJ further asserts that government code section 501.007 authorizes TDCJ to pay an inmate up to $500 on meritorious property claims, meaning Ayers has an adequate post-deprivation remedy through the prison grievance system. We held above, however, that Ayers's stationery and publications claims are not subject to the prison grievance system.

9

In addition, our sister court has held that "the purpose of [government code] sections 501.007 and 501.008 is to ensure that an inmate proceeding in forma pauperis has exhausted his administrative remedies *before* proceeding to file a claim in state court." *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.—Corpus Christi 2002, no pet.) (emphasis added); *see Romero v. Vaughn*, No. 04-03-00649-CV, 2004 WL 1195714, at *3 (Tex. App.—San Antonio June 2, 2004, pet. denied) (mem. op.). Thus, government code section 501.007 does not bar Ayers's due process claims. We sustain Ayers's first issue.[5]

## V. Conclusion

Having sustained Ayers's first seven issues and having not reached his remaining five issues, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED: August 16, 2012

---

[5]In light of our disposition of Ayers's first seven issues, we need not address his remaining issues. *See* Tex. R. App. P. 47.1, 47.4.

10