**Opinion filed February 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00298-CV

_____

## MICHAEL JOE ELLIS, Appellant
## V.
## TDCJ ET AL., Appellee

**On Appeal from the 278th District Court**
**Walker County, Texas**
**Trial Court Cause No. 26033**

### M E M O R A N D U M   O P I N I O N

Michael Joe Ellis is incarcerated at the Estelle High Security Unit of the Institutional Division of the Texas Department of Criminal Justice, located in Huntsville. Appellant appears pro se and *in forma pauperis* and challenges the dismissal of his suit by the trial court. We affirm.

#### Background Facts

On May 14, 2012, Appellant filed an action against the Texas Department of Criminal Justice (TDCJ) and more than ten officials and employees of TDCJ. On

October 3, 2011, Appellant received notice of a job change from a "clothes folder" to work on a utility squad. The new job required travel outside the prison with an unarmed security escort. Appellant reported to corrections officers his history of repeated escape attempts because he felt that this was a "Potential Serious Situation." As a result of this notification, Appellant alleged that he received a disciplinary case for threatening to escape.

Appellant filed a Step 1 disciplinary appeal on October 31, 2011. The warden found that the disciplinary charge was appropriate and supported by the evidence. No further action was warranted. Appellant then filed a Step 2 grievance form on December 6, 2011. A notice of extension was filed on January 6, 2012, which notified Appellant that an additional 30 days were needed for an appropriate response. On January 27, 2012, Cheryl Lawson found that the disciplinary charge was appropriate and supported by the evidence and that, again, no further action was warranted. Appellant acknowledged that he received notification of this decision on February 3, 2012. Appellant alleges that there was an additional notice of extension filed by Linda Richey on February 21, 2012. However, this notice is not in the record, and the only correspondence that concerns this extension involves another Step 2 complaint on an unrelated incident.

Appellant filed this lawsuit on May 14, 2012. The attorney general filed an amicus curiae advisory to the trial court in which he alleged that Appellant had not complied with Chapter Fourteen of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002). The trial court granted the attorney general's amicus curiae Chapter Fourteen advisory and dismissed Appellant's claims as frivolous on June 21, 2012.

Appellant filed his notice of appeal on September 10, 2012. This appeal was transferred from the Tenth Court of Appeals pursuant to an order of the Supreme Court of Texas on September 21, 2012.

*Analysis*

Appellant argues in one issue on appeal that the trial court erred when it dismissed his suit because he did not file his lawsuit within thirty-one days of receipt of a written denial in compliance with Section 14.005(b) of the Civil Practice and Remedies Code. *See* CIV. PRAC. & REM. § 14.005(b).

We review a trial court's dismissal of an inmate's suit under Chapter Fourteen for abuse of discretion. *See Wilson v. TDCJ–ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thompson v. Tex. Dep't of Criminal Justice–Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When we review matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Chapter Fourteen of the Texas Civil Practice and Remedies Code applies to lawsuits filed by an inmate in a district court, county court, justice of the peace court, or small claims court where the inmate files an affidavit or unsworn declaration of an inability to pay costs. *See* TEX. CIV. PRAC. & REM. § 14.002(a) (West Supp. 2014). The legislature enacted Chapter Fourteen to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop*, 131 S.W.3d at 574. Chapter Fourteen sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. CIV. PRAC. & REM. §§ 14.002, 14.004–.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Even if an inmate satisfies the necessary filing requirements, the trial court may dismiss an inmate's claim if it finds the

3

claim to be frivolous or malicious. CIV. PRAC. & REM. § 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight. CIV. PRAC. & REM. § 14.003(b)(1)–(2).

Section 14.005(b) provides that "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice. *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellant admits in his own affidavit that he received written notice of denial of his Step 2 grievance on February 3, 2012. Appellant's lawsuit was not executed until May 1, 2012, and filed on May 14, 2012. This is clearly past the required deadline under Chapter Fourteen. CIV. PRAC. & REM. § 14.005(b). There is no evidence in the record of an extension of the filing deadline for Appellant. The trial court did not abuse its discretion when it dismissed Appellant's suit under Section 14.005(b). *Id.* We overrule Appellant's sole issue on appeal.

### This Court's Ruling

We affirm the order of the trial court.

JOHN M. BAILEY
JUSTICE

February 5, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4