**Opinion filed June 2, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00093-CV

_____

## MARIO PATTERSON, Appellant

## V.

## RONALD FOX ET AL., Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 023532**

## M E M O R A N D U M   O P I N I O N

Appellant, Mario Patterson, is currently incarcerated at the Robertson Unit of the Institutional Division of the Texas Department of Criminal Justice, which is located in Jones County. Appearing pro se and *in forma pauperis*, Appellant challenges the trial court's order in which it dismissed his suit as frivolous for failure to comply with Chapter Fourteen of the Texas Civil Practices and Remedies Code. We affirm.

On February 18, 2015, Appellant filed the underlying action against Warden Ronald Fox, Property Officer Crystal Reyes, and Officer "John Doe." Appellant alleged that that on July 16, 2014, "John Doe" did a cell search and took the following: "1 green mug, 1 white mug, 1 tea box 'new', 6 white shoe laces, 1 watch, 1 [pair of] New Balance Shoes." Appellant further claimed that, after the search, Officer Doe did not give him confiscation paperwork. Appellant asserted that Officer Doe committed trespass to personal property, conversion, and theft of personal property. Appellant also sued Fox and Reyes because he believed that they had the power to give the property back but had not done so. Appellant alleged that all Appellees committed intentional infliction of emotional distress and that they inflicted mental anguish against him. The attorney general filed an amicus curiae advisory with the trial court in which he alleged that Appellant had not complied with Chapter Fourteen of the Civil Practice and Remedies Code.

We review a trial court's dismissal of an inmate's suit under Chapter Fourteen for abuse of discretion. *See Wilson v. TDCJ–ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thompson v. Tex. Dep't of Criminal Justice–Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When we review matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Appellant filed a Step 1 grievance on July 29, 2014. The warden found that the confiscated property was contraband. He stated that the property would not be returned and that no further action was warranted. Appellant then filed a Step 2

grievance on October 27, 2014. On January 2, 2015,[1] the Assistant Regional Director found that the "items were examined and deemed to have been altered. There was no evidence found to support [Appellant's] allegation of staff misconduct or that staff acted inappropriate[ly]." Again, no further action was warranted.

Chapter Fourteen of the Texas Civil Practice and Remedies Code applies to lawsuits filed by an inmate in a district court, county court, justice of the peace court, or small claims court where the inmate files an affidavit or unsworn declaration of an inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). The legislature enacted Chapter Fourteen to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop*, 131 S.W.3d at 574. Chapter Fourteen sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. *See* CIV. PRAC. & REM. §§ 14.002, 14.004–.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).

Section 14.005(b) provides that "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." CIV. PRAC. & REM. § 14.005(b). A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice. *Ellis v. TDCJ*, No. 11-12-00298-CV, 2015 WL 581635, at *2 (Tex. App.—Eastland Feb. 5, 2015, no pet.) (mem. op.); *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Appellant filed this lawsuit on February 18, 2015, 47 days after the Step 2 grievance was signed, dated, and returned. Appellant should have filed the lawsuit

---

[1]We note that the Step 2 grievance form was dated by the Assistant Regional Director as "January 2, 2014." However, the Step 2 grievance form was not filed by Appellant until October 27, 2014, and after an extension, was due by January 5, 2015. Consequently, we believe the correct date that it was signed was January 2, 2015.

by February 2, 2015. *See* CIV. PRAC. & REM. § 14.005(b). Accordingly, we cannot say that the trial court abused its discretion when it dismissed Appellant's lawsuit. Appellant's sole issue on appeal is overruled.

We affirm the order of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


June 2, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.