**Opinion filed June 16, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00208-CV
_____

## JAMES PATRICK SULLIVAN, Appellant

## V.

## RISSIE L. OWENS ET AL, Appellees

**On Appeal from the 12th District Court**
**Walker County, Texas**
**Trial Court Cause No. 24232**

## O P I N I O N

This is an appeal from an order dismissing an inmate's pro se civil action. Appellant challenges the dismissal in three issues. We affirm.

*Background Facts*

James Patrick Sullivan is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice as a result of a conviction occurring in the 347th District Court of Nueces County. He instituted the underlying action in the 12th District Court of Walker County by initially attempting to file an application for writ of habeas corpus. He subsequently filed additional pleadings challenging his confinement. He named several State officials and employees as defendants in his subsequent pleadings, contending that they have "seize[d]

sentence credits by conversion" from him without due process. Among other things, he sought the return of his sentence credits. He also sought the issuance of a permanent injunction to enjoin the defendants from "continuing with the current forfeiture of calendar time sentence credits policies." He also filed a pleading indicating that he would be seeking compensation from the defendants "for the maximum value of the property seized."[1]

Prior to service of process on the defendants, the trial court entered an order requiring the Texas Attorney General's Office to review appellant's pleadings for compliance with Chapter 14 of the Texas Civil Practice and Remedies Code.[2] The order additionally required the Attorney General's Office to file an "advisory" with the trial court as an amicus curiae "as to whether the inmate plaintiff has satisfied all of the statutory requirements." The Attorney General's Office complied with the trial court's order by filing an eleven-page response detailing the matters raised in appellant's pleadings. The response contained a summary of the claims set out in appellant's lengthy, handwritten pleadings. Specifically, the response stated as follows:

> The crux of the complaint is that Petitioner's street-time credit[3] was "forfeited" without due process, in violation of the forfeiture provisions contained within Chapter 59 of the Texas Code of Criminal Procedure. He further alleges that street-time credit is tangible property subject to the Due Process Clause under Art. 1, § 19 of the Texas Constitution. Finally, Petitioner alleges that forfeiture of street-time credit by the Texas Board of Pardons and Paroles violates the separation of powers doctrine under Art. 2, § 1 of the Texas Constitution because the deprivation allegedly alters the sentence originally imposed by the judiciary.
>
> Petitioner characterizes the action as an "ex parte" petition. He seeks permanent injunctive relief that would prevent the Texas Board of Pardons and Paroles from implementing existing policies concerning forfeiture of street-time credit, declarative relief regarding specific issues, restoration of street-time credit, monetary damages, class certification, appointment of counsel, joinder of claims, and "any other relief . . . which is necessary or expedient for implementing any corrective action" (footnote omitted).

The Attorney General's Office concluded that appellant sought both habeas corpus relief (restoration of street-time credit) and non-habeas civil relief (declarative and injunctive relief as

---

[1] Appellant also attempted to assert a class action in his pleadings. In this regard, over twenty other inmates filed documents in the trial court referencing appellant's pleadings. The trial court did not issue any orders pertaining to the other inmates. Furthermore, appellant is the only inmate that filed a notice of appeal. Accordingly, the other inmates are not parties to this appeal.

[2] TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002 & Supp. 2010).

[3] The response states that "street-time credit" refers to calendar time a person receives toward his sentence for days spent on parole or mandatory supervision.

well as monetary damages). With respect to the non-habeas civil relief, the Attorney General's Office asserted that Chapter 14 applied and that appellant's failure to comply with the statutory requirements permitted dismissal of the claims. The Attorney General's Office also asserted that appellant's habeas corpus claim was not cognizable. The trial court subsequently entered an order of dismissal that provided in relevant part as follows:

> After reviewing Petitioner's pleadings and the Amicus Curiae response filed by the Attorney General of Texas, the Court is of the opinion that the Petitioner's Non-Habeas Corpus claims fail to meet the requirements of Chapter 14 Tex. Civ. Prac. & Rem. Code and should be dismissed and that Petitioner's Habeas Corpus claims are not filed in the Court of conviction as required by Texas Code of Criminal Procedure 11.07 and should be dismissed.

> It is therefore ORDERED that this cause is DISMISSED.

*Analysis*

Chapter 14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by an inmate in district court where the inmate files an affidavit or unsworn declaration of an inability to pay costs. *See* Section 14.002(a). The legislature enacted Chapter 14 to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. Sections 14.002, 14.004–.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). A court may dismiss a claim before service of process under Chapter 14 for noncompliance. Section 14.003. Even if an inmate satisfies the necessary filing requirements, however, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. Section 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight. Section 14.003(b)(1)-(2).

We generally review a trial court's dismissal of an inmate's suit under Chapter 14 for abuse of discretion. *See Wilson v. TDCJ-ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop*, 131 S.W.3d at 574; *Thompson v. Tex. Dep't Criminal Justice-Institutional Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its

discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Appellant asserts in his first issue that the district clerk erred in failing to inform him of any deficiencies in his pleadings when he presented them for filing. This issue is not subject to review because it does not point out any error allegedly committed by the trial court. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The scope of our appellate jurisdiction is limited to reviewing decisions by a lower court; we lack appellate jurisdiction over an act of the district clerk. *See Newman v. Castro*, No. 12-04-00051-CV, 2005 WL 1243418, *2 n.5 (Tex. App.—Tyler May 25, 2005, pet. dism'd w.o.j.) (mem. op.). Appellant's first issue is overruled.

In his second issue, appellant contends that the trial court erred in dismissing his suit because his claim for the restoration of street-time credit is cognizable as a claim for habeas corpus relief.[4] A "writ of habeas corpus is the remedy to be used when any person is restrained [of] his liberty." TEX. CODE CRIM. PROC. ANN. art. 11.01 (Vernon 2005). An application for writ of habeas corpus filed after final conviction in a felony case must be filed with the clerk of the court in which the conviction being challenged was obtained. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(b) (Vernon Supp. 2010). Dismissal is required when an application for writ of habeas corpus is filed with the district clerk of a county other than the county of conviction. *Ex parte Burgess*, 152 S.W.3d 123 (Tex. Crim. App. 2004). Accordingly, the trial court did not err in dismissing appellant's claims for habeas corpus relief. Appellant's second issue is overruled.

Appellant asserts in his third issue that the Attorney General's Office erroneously asserted in its advisory that he failed to exhaust his administrative remedies prior to filing suit.[5] Among other requirements, an inmate must file an affidavit or unsworn declaration stating the date that the grievance underlying the lawsuit was filed and the date of the TDCJ's written decision, along with "a copy of the written decision from the grievance system."

---

[4]We express no opinion on the merits of appellant's claim for the restoration of street-credit time.

[5]In the interest of justice, we will treat appellant's issue as a complaint that the trial court erred in relying on the exhaustion of remedies requirement in dismissing his case.

Section 14.005(a)(1)-(2). Should the inmate fail to comply with these requirements, his suit will be dismissed. *Lilly*, 100 S.W.3d at 336. Irrespective of the merits of appellant's contention, it is not dispositive because there were other procedural requirements that he did not comply with, including the requirement that he file an affidavit or unsworn declaration pertaining to previous filings. Section 14.004. Appellant's third issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

PER CURIAM

June 16, 2011

Panel[6] consists of: Wright, C.J.,
McCall, J., and Hill, J.[7]

---

[6]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[7]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.