**Opinion filed August 31, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00290-CV

_____

### ALEJANDRO ALBERTO MARTINEZ, Appellant

### V.

### DIRECTOR BRAD LIVINGSTON ET AL., Appellees

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 09-11-18279**

### M E M O R A N D U M   O P I N I O N

Alejandro Alberto Martinez appeals from an order in which the trial court dismissed, with prejudice, his pro se, *in forma pauperis*, suit under Chapter 14 of the Texas Civil Practice and Remedies Code. We find that the trial court erred when it dismissed the suit with prejudice. We modify the order to delete the holding that the dismissal is with prejudice and, as modified, affirm.

*Background*

Appellant is an inmate of the Texas Department of Criminal Justice, Institutional Division (TDCJ). He filed a lawsuit on November 9, 2009, against Brad Livingston and several

other TDCJ employees, in which he alleged that his civil rights had been violated in the manner in which his disciplinary hearings were held. He also filed copies of various step one and step two grievance forms that he had previously submitted to TDCJ. Appellant filed a motion for default judgment on December 9, 2009. The defendants filed their answers on February 24, 2010, and April 15, 2010. On May 19, 2010, the trial court ordered the attorney general to review the case, to file an amicus curiae brief, and to advise the court whether Appellant's pleadings met all of the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 & Supp. 2012).

The attorney general filed the amicus curiae brief on July 19, 2010, and told the court that Appellant failed to comply with Sections 14.005(a)(1) and 14.004 of Texas Civil Practice and Remedies Code. Without conducting a hearing, the trial court dismissed Appellant's lawsuit "with prejudice" because he "failed to satisfy all statutory requirements under Chapter 14 of the Texas Civil Practice and Remedies Code." This appeal followed.

*Discussion*

In four issues, Appellant argues that the trial court's dismissal was improper.[1] We generally review a trial court's dismissal of an inmate's suit under Chapter 14 for abuse of discretion. *Sullivan v. Owens*, No. 11-09-00208-CV, 2011 WL 2409311, *2 (Tex. App.—Eastland June 16, 2011, no pet.) (citing *Wilson v. TDCJ–ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thompson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).

---

[1]We have construed Appellant's issues liberally in the interest of justice.

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. Section 14.002(a). Section 14.005 requires that an inmate file (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date that the written decision was received by the inmate and (2) a copy of the written decision from the grievance system. *Id.* § 14.005(a).

In his complaint, Appellant listed the grievances he had previously filed with TDCJ by their ten-digit grievance numbers. He also filed copies of the step one and step two grievance forms that he had submitted. The written decisions from the grievance system are included in those forms. Appellant's complaint is subscribed by Appellant as true under penalty of perjury and, thus, appears to fit the definition of "unsworn declaration." TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. However, Appellant's unsworn declaration did not include the date that he filed each grievance and the date that he received each written grievance decision. *Id.* § 14.005(a)(1).

The copies of the step one and step two grievance forms contain the information required by Section 14.005 that Appellant's unsworn declaration lacks. Appellant's unsworn declaration references these forms by the ten-digit numbers that correspond to the numbers on the filed copies of the grievance forms. However, we do not reach the issue of whether Appellant substantially complied because Appellant's pleadings contain an additional deficiency.

Appellant failed to comply with Section 14.004. The purpose of Section 14.004 is to assist the trial court in determining whether a suit is malicious or frivolous under Section 14.003(a). *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. Section 14.003(a)(2). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id*. § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id.* § 14.004(a)(2)(A).

Appellant did not file a separate affidavit or declaration in which he identified each action previously brought by him in which he was not represented by an attorney. Appellant argued in

his answer to the attorney general that his original complaint satisfied the requirements of Chapter 14 because it "was sworn in [its] total content under penalty of perjury." However, the complaint did not contain any statements regarding previous claims.

When an inmate files an affidavit or declaration that fails to comply with the requirements of Section 14.004, "the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). A trial court may dismiss a suit under Section 14.003(a) without a hearing when an inmate fails to file the affidavit required under Section 14.004. *Thomas v. Knight*, 52 S.W.3d 292, 293 n.2 (Tex. App.—Corpus Christi 2001, pet. denied) (citing Section 14.003(c)); *Williams v. Brown*, 33 S.W.3d 410, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The trial court did not abuse its discretion when it dismissed Appellant's suit. However, the trial court's dismissal of the suit with prejudice was unwarranted because his error could have been remedied through amendment or more specific pleading. *See Thomas v. Skinner*, 54 S.W.3d 845, 846–47 (Tex. App.—Corpus Christi 2001, pet. denied); *see also Hickman v. Adams*, 35 S.W.3d 120, 124–25 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Thus, we modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words "without prejudice."

As modified, the order of the trial court is affirmed.


ERIC KALENAK
JUSTICE

August 31, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4