Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00290-CV

                                                    __________

 

                    ALEJANDRO
ALBERTO MARTINEZ, Appellant

 

                                                             V.

 

                  DIRECTOR
BRAD LIVINGSTON ET AL., Appellees



 

                                   On
Appeal from the 106th District Court

 

                                                          Dawson
County, Texas

 

                                                Trial
Court Cause No. 09-11-18279

 



 

M
E M O R A N D U M   O P I N I O N

            Alejandro
Alberto Martinez appeals from an order in which the trial court dismissed, with
prejudice, his pro se, in forma pauperis, suit under Chapter 14 of the
Texas Civil Practice and Remedies Code.  We find that the trial court erred when
it dismissed the suit with prejudice.  We modify the order to delete the
holding that the dismissal is with prejudice and, as modified, affirm.

Background

            Appellant
is an inmate of the Texas Department of Criminal Justice, Institutional
Division (TDCJ).  He filed a lawsuit on November 9, 2009, against Brad
Livingston and several other TDCJ employees, in which he alleged that his civil
rights had been violated in the manner in which his disciplinary hearings were
held.  He also filed copies of various step one and step two grievance forms
that he had previously submitted to TDCJ.  Appellant filed a motion for default
judgment on December 9, 2009.  The defendants filed their answers on February
24, 2010, and April 15, 2010.  On May 19, 2010, the trial court ordered the attorney
general to review the case, to file an amicus curiae brief, and to advise the
court whether Appellant’s pleadings met all of the requirements of Chapter 14
of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. ch. 14 (West 2002 & Supp. 2012).

            The
attorney general filed the amicus curiae brief on July 19, 2010, and told the
court that Appellant failed to comply with Sections 14.005(a)(1) and 14.004 of
Texas Civil Practice and Remedies Code.  Without conducting a hearing, the
trial court dismissed Appellant’s lawsuit “with prejudice” because he “failed
to satisfy all statutory requirements under Chapter 14 of the Texas Civil
Practice and Remedies Code.”  This appeal followed.

Discussion

            In
four issues, Appellant argues that the trial court’s dismissal was improper.[1] 
We generally review a trial court’s dismissal of an inmate’s suit under Chapter
14 for abuse of discretion.  Sullivan v. Owens, No. 11-09-00208-CV, 2011 WL 2409311, *2 (Tex. App.Eastland June 16, 2011, no pet.) (citing Wilson v.
TDCJ–ID, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); Bishop v.
Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); Thompson
v. Tex. Dep’t of Criminal Justice-Institutional Div., 33 S.W.3d 412, 414
(Tex. App.—Houston [1st Dist.] 2000, pet. denied)).  A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner without reference
to guiding rules or principles.  Garcia v. Martinez, 988 S.W.2d
219, 222 (Tex. 1999).  We will affirm a dismissal if it was proper under any
legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990).  The
trial courts are given broad discretion to determine whether a case should be
dismissed because (1) prisoners have a strong incentive to litigate; (2) the
government bears the cost of an in forma pauperis suit; (3) sanctions
are not effective; and (4) the dismissal of unmeritorious claims accrues to the
benefit of state officials, courts, and meritorious claimants.  See Montana
v. Patterson, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).

            Chapter 14 of the Texas Civil Practice and
Remedies Code controls suits brought by an inmate in which the inmate has filed
an affidavit or unsworn declaration of inability to pay costs.  Section 14.002(a).
 Section 14.005 requires that an inmate file (1) an affidavit or unsworn
declaration stating the date that the grievance was filed and the date that the
written decision was received by the inmate and (2) a copy of the written
decision from the grievance system.  Id. § 14.005(a).

            In his complaint, Appellant listed the
grievances he had previously filed with TDCJ by their ten-digit grievance
numbers.  He also filed copies of the step one and step two grievance forms
that he had submitted.  The written decisions from the grievance system are
included in those forms.  Appellant’s complaint is subscribed by Appellant as
true under penalty of perjury and, thus, appears to fit the definition of
“unsworn declaration.”  Tex. Civ. Prac.
& Rem. Code Ann. § 132.001.  However,
Appellant’s unsworn declaration did not include the date that he filed
each grievance and the date that he received each written grievance decision.  Id. § 14.005(a)(1).


            The copies
of the step one and step two grievance forms contain the information required
by Section 14.005 that Appellant’s unsworn declaration lacks.  Appellant’s
unsworn declaration references these forms by the ten-digit numbers that
correspond to the numbers on the filed copies of the grievance forms.  However,
we do not reach the issue of whether Appellant substantially complied because
Appellant’s pleadings contain an additional deficiency. 

            Appellant failed to comply with Section
14.004.  The purpose of Section 14.004 is to assist the trial court in
determining whether a suit is malicious or frivolous under Section 14.003(a).
 Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).  Section
14.003 provides that a trial court may dismiss a claim before or after service
of process if the court finds that the claim is frivolous or malicious.  Section
14.003(a)(2).  In determining whether a claim is frivolous or malicious, a
trial court may consider whether the claim is substantially similar to a
previous claim filed by the inmate because the claim arises out of the “same
operative facts.”  Id. § 14.003(b)(4).  To enable a trial court to
determine whether the suit is substantially similar to a previous one, an
inmate is required to file a separate affidavit or declaration describing all
other suits the inmate has brought and stating the “operative facts” upon which
relief was sought.  Id. § 14.004(a)(2)(A). 

            Appellant did not file a separate affidavit
or declaration in which he identified each action previously brought by him in
which he was not represented by an attorney.  Appellant argued in his answer to
the attorney general that his original complaint satisfied the requirements of
Chapter 14 because it “was sworn in [its] total content under penalty of
perjury.”  However, the complaint did not contain any statements regarding
previous claims.

            When an inmate files an affidavit or
declaration that fails to comply with the requirements of Section 14.004, “the
trial court is entitled to assume the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.”  Bell v. Tex. Dep’t
of Criminal Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.—Houston
[14th Dist.] 1998, pet. denied).  A trial court may dismiss a suit under
Section 14.003(a) without a hearing when an inmate fails to file the affidavit required
under Section 14.004.  Thomas v. Knight, 52 S.W.3d 292, 293 n.2 (Tex. App.—Corpus
Christi 2001, pet. denied) (citing Section 14.003(c)); Williams v. Brown,
33 S.W.3d 410, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 

            The trial court did not abuse its discretion
when it dismissed Appellant’s suit.  However, the trial court’s dismissal of the
suit with prejudice was unwarranted because his error could have been remedied
through amendment or more specific pleading.  See Thomas v. Skinner, 54
S.W.3d 845, 846–47 (Tex. App.—Corpus Christi 2001, pet. denied); see also
Hickman v. Adams, 35 S.W.3d 120, 124–25 (Tex. App.—Houston [14th Dist.]
2000, no pet.).  Thus, we modify the trial court’s order of dismissal by
deleting the words “with prejudice” and substituting in their place the words
“without prejudice.”     

            As modified, the order of the trial court is
affirmed.

 

 

                                                                                                ERIC
KALENAK

                                                                                                JUSTICE

August
31, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.

 









                [1]We have construed Appellant’s issues liberally in the
interest of justice.