**Opinion filed February 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00301-CV

_____

## ROBERT TROY MCCLURE, Appellant

## V.

## THE STATE OF TEXAS ET AL., Appellees

**On Appeal from the 278th District Court**

**Walker County, Texas**

**Trial Court Cause No. 26097**

## MEMORANDUM OPINION

Robert Troy McClure is incarcerated at the John M. Wynne Unit of the Institutional Division of the Texas Department of Criminal Justice, located in Huntsville. Appellant appears pro se and *in forma pauperis* and challenges the dismissal of his suit by the trial court. We affirm.

*Background Facts*

On June 26, 2012, Appellant filed the underlying action against the State of Texas, Warden Kevin Mayfield, Michael Upshaw, Jane Doe #1, and Jane Doe #2. Appellant alleged that he was deprived of water during a cell search that caused Appellant to pass out and require emergency IV fluids. Appellant also alleged that he was denied protective custody and that he was unable to make a report to Safe Prisons. Appellant filed an affidavit in which he listed four prior state court suits but failed to disclose any federal suits.

The attorney general filed an amicus curiae advisory to the trial court in which he alleged that Appellant had not complied with Chapter Fourteen of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2014). On August 24, 2012, the trial court granted the attorney general's amicus curiae Chapter Fourteen advisory and dismissed Appellant's claims as frivolous.

Appellant filed his notice of appeal on September 14, 2012. This appeal was transferred from the Tenth Court of Appeals pursuant to an order of the Supreme Court of Texas on September 21, 2012.

*Analysis*

In Appellant's single issue on appeal, he argues that the trial court erred when it dismissed his suit because he did not disclose his prior lawsuits as required by Section 14.004(a)(2)(B) of the Civil Practice and Remedies Code. *See* CIV. PRAC. & REM. § 14.004(a)(2)(B).

We review a trial court's dismissal of an inmate's suit under Chapter Fourteen for abuse of discretion. *See Wilson v. TDCJ–ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thompson v. Tex. Dep't of Criminal Justice–Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet.

denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When we review matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Chapter Fourteen provides for certain procedural requirements that an inmate must satisfy as a prerequisite to filing suit. CIV. PRAC. & REM. §§ 14.002, 14.004 (West Supp. 2014), §§ 14.005–.006 (West 2002); *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). The legislature enacted Chapter Fourteen to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Sullivan v. Owens*, 418 S.W.3d 128, 130 (Tex. App.—Eastland 2011, no pet.); *Bishop*, 131 S.W.3d at 574.

Section 14.004 is not limited to prior state court filings; instead, the statute merely requires an affidavit that identifies each suit previously filed. CIV. PRAC. & REM. § 14.004; *see Garrett v. Trapp*, 2008 WL 5115227, at *3 n.4 (Tex. App.—Fort Worth Dec. 4, 2008, no pet.) (mem. op.); *Houser v. Foy*, 2007 WL 2445940, at *1 (Tex. App.—Beaumont Aug. 30, 2007, pet. denied) (mem. op.); *Aranda v. Goodrum*, 2006 WL 2165693, at *2–3 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, no pet.) (mem. op.). Appellant failed to file an affidavit in which he outlined all of his prior court filings that included any suits in federal court as required by Section 14.004. *See* CIV. PRAC. & REM. § 14.004. Thus, we are not able to say that the trial court abused its discretion when it dismissed Appellant's suit under Section 14.004. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

February 5, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.